The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.



**/S/ RUSS KENDIG**

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| JOSEPH J. DETWEILER, | CASE NO. 09-63377 |
| Debtor. | ADV. NO. 10-6068 |
| JOSEPH J. DETWEILER, | JUDGE RUSS KENDIG |
| Plaintiff, | |
| v. | |
| DINO TOSCANI, | **MEMORANDUM OF OPINION (NOT INTENDED FOR PUBLICATION)** |
| Defendant. | |

In this adversary, Plaintiff-debtor (hereafter "Debtor") seeks to recover a post-petition transfer of $60,000.00 paid to Defendant. In a motion filed December 27, 2010, Debtor seeks summary judgment on count two of its complaint for recovery of an unauthorized postpetition transfer under 11 U.S.C. § 549. Defendant, pro se, filed an answer to the complaint but did not file a response to the motion for summary judgment.[1]

The court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C.

---

[1] The failure to respond is discussed further in the opinion.

§ 157(b)(E) and/or (O). The following constitutes the court's findings of facts and conclusions of law under Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## FACTS

Based on the uncontroverted allegations of the complaint, the court finds the following. In 2008, Debtor solicited William Russell Smith, III to help obtain financing or investors to provide capital for Debtor's ailing corporate entities. Mr. Smith eventually connected Debtor to Defendant, who represented that he had located potential investors. Postpetition, on September 30, 2009, the three parties signed an Oversight Consulting Agreement ("agreement"). On October 8, 2009, Debtor paid $60,000.00 cash to Defendant to cover travel expenses related to the deal with the purported investors. The transfer was not approved by the bankruptcy court and resulted in no known benefit to the estate.

## LAW AND ARGUMENT

Motions for summary judgment are governed by Federal Rule of Bankruptcy Procedure 7056, which incorporates Federal Rule of Civil Procedure 56, and states, in applicable part:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed. R. Bankr. P. 7056. The movant bears the initial burden of proof, being tasked with the "responsibility of informing the . . . court of the basis for its motion, and identifying those portions [of the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When the movant also bears the burden of persuasion on an issue, this initial showing means movant is required to demonstrate all essential elements of its claim. *See* Prestige Capital Corp. v. Michigan Gage and Mfg., LLC, 2010 WL 2787438 (E.D. Mich. 2010) (reporter citation not yet available); Brixey v. Confer (In re Confer), 277 B.R. 374 (Bankr. S.D. Ohio 2002). In reviewing the evidentiary materials, the facts and inferences arising therefrom are to be viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Defendant is deemed to have failed to respond to the motion for summary judgment. The court acknowledges receipt of a faxed letter from Defendant dated January 14, 2011 in

which Defendant requests a sixty day adjournment of the case for "health reasons." Local Bankruptcy Rule 5005-1(b) states that "[t]he Clerk shall not accept for filing any facsimile transmission unless ordered by the Court." No such order excepting Defendant from the requirement was in place. Pro se defendants are expected to know, and abide by, the applicable provisions of the bankruptcy code and rules. *See also* Barna v. Haas (In re Haas), 292 B.R. 167 (Bankr. S.D. Ohio 2003). Consequently, the letter does not constitute a valid filing with the court.

Even though the motion for summary judgment is deemed unopposed, Debtor must prove it is entitled to judgment as a matter of law and that there are no genuine issues of material fact. Under Federal Rule of Bankruptcy Procedure 6001, Debtor bears the burden of proof on a section 549 action and therefore must demonstrate the existence of all the elements of the action. Section 549(a) provides that

> the trustee may avoid a transfer of property of the estate--
>
> (1) that occurs after the commencement of the case; and
>
> (2)(A) that is authorized only under section 303(f) or 542(c) of this title; or
>
> (B) that is not authorized under this title by the court.

This court has previously found that a successful section 549(a) action requires proof of four items:

> First, the unauthorized transfer must occur after the commencement of the case. Second, property of the bankruptcy estate must be involved. Third, the Trustee must show that the Debtor transferred the property. Fourth, the transfer must not be authorized by the court or the Bankruptcy Code.

Cohen v. KDC Fin. Serv. (In re Miller Mining, Inc.), 219 B.R. 219, 221-22 (Bankr. N.D. Ohio 1998) (citing Gibson v. U.S. (In re Russell), 927 F.2d 413, 417-18 (8th Cir. 1991)).

Defendant did not deny that the transfer occurred postpetition. He affirmatively stated that the transfer was made under the parties' agreement, which was dated September 27, 2009 and signed on September 30, 2009. Debtors' bankruptcy case was filed on August 17, 2009. The transfer clearly occurred after the commencement of the case.

There also is no challenge to the assertion that the funds were property of the estate. Paragraph seventeen of the complaint alleges the funds were property of the estate and Defendant did not deny this allegation. Under Federal Rule of Bankruptcy Procedure 7008,

3

which incorporate Federal Rule of Civil Procedure 8 into bankruptcy practice, allegations which are not denied are deemed admitted.

Similarly, there is no question Debtor transferred the $60,000.00 to Defendant. At an initial glance, application of the third requirement to the present facts may appear preternatural. As the chapter 11 debtor-in-possession, the debtor has the authority of a trustee under 11 U.S.C. §1107(a). Thus, section 549(a) permits the party who made the transfer to also avoid the transfer. An explanation is proferred by other courts: '[s]ection 549 is geared to protecting the estate against unauthorized, post-petition transfers by the debtor or by creditors seizing property in order to perfect their liens." ETS Payphones, Inc. v. AT&T Universal Card (In re PSA, Inc.), 335 B.R. 580, 584 (citing Szybist v. McKean Co. Tax Claim Bureau and Young Family Interests, Inc. (In re Taft), 262 B.R. 55, 60 (Bankr. M.D. Pa. 2001); 40235 Washington St. Corp. v. Lusardi, 329 F.3d 1076, 1081 (9th Cir. 2003) (quotation omitted)). The estate benefits from the avoidance of an unauthorized transfer by the debtor. Consequently, there is no concern about the dual role of the debtor as transferor and recoverer.

Finally, Debtor must show that the transfer is not authorized by the bankruptcy code under section 549(a)(2)(B). Defendant suggests that authorization is implicit in Debtor's actions. For the purposes of section 549, the question is not whether the Debtor authorized the transfer. The pertinent question is whether the transfer was authorized under the bankruptcy code. Debtor alleged that the transfer was not authorized under the bankruptcy code and Defendant has not refuted the allegation or pointed to any authorization in the bankruptcy code for the transfer. The court therefore concludes it was not authorized.

## CONCLUSION

After filing bankruptcy, a debtor-in-possession loses the unfettered ability to make transfers which are not authorized by the bankruptcy code. This constraint protects both the estate and its creditors. Here, Debtor adequately demonstrated that the transfer in question was a qualifying, unauthorized, postpetition transfer under section 11 U.S.C. § 549(a). As a result, the transfer is avoidable and can be recovered by the estate.

An appropriate order shall be entered in conjunction with this opinion.

# # #

4

**Service List:**

Gregory D Swope
Krugliak, Wilkins, Griffiths & Dougherty
4775 Munson Street NW
PO Box 36963
Canton, OH 44718

Anthony J DeGirolamo
116 Cleveland Ave., N.W.
Suite 307
Canton, OH 44702

Dino Toscani
117 Main Street
New Paltz, NY 12561